PUBLISH

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 16 1999**

**PATRICK FISHER**
**Clerk**

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

KENNETH DEAN AYCOX,

      Petitioner-Appellant,

v.

RONALD L. LYTLE, Warden,
Southern New Mexico Correctional
Facility; ATTORNEY GENERAL
FOR THE STATE OF NEW MEXICO,

      Respondents-Appellees.

No. 98-2298

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
(D.C. No. CIV-97-667M/JHG)

Submitted on the briefs:

Rita LaLumia and Phillip Medrano, Assistant Federal Public Defenders,
Albuquerque, New Mexico, for Petitioner-Appellant.

Patricia A. Madrid, Attorney General, and Anthony Tupler, Assistant Attorney
General, Santa Fe, New Mexico, for Respondents-Appellees.

Before **BRORBY** , **EBEL** , and **HENRY** , Circuit Judges.

**EBEL** , Circuit Judge.

Petitioner-appellant Kenneth Dean Aycox appeals from the district court's order dismissing his petition for a writ of habeas corpus, which he brought pursuant to 28 U.S.C. § 2254. We previously granted Aycox a certificate of appealability, and we now affirm the district court's order of dismissal. [1]

On June 18, 1992, the State of New Mexico sentenced Aycox to nine years' incarceration upon his guilty plea to multiple counts of assault, burglary and larceny. The court suspended three years of the sentence, leaving a six-year sentence of incarceration to be followed by a two-year period of probation.

Aycox escaped from detention in New Mexico on May 16, 1994. A New Mexico warrant was issued for his arrest. He fled to California, where a warrant had previously been issued for his arrest on a burglary charge. Soon thereafter, Aycox was arrested in California on the New Mexico and California warrants.

On May 20, 1994, Aycox was arraigned on the California burglary charge. He also attended an extradition hearing at which he signed a waiver of extradition

---

[1] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

to New Mexico. On July 1, 1994, he received a four-year California sentence on the burglary charge, to run concurrently with his New Mexico term.

On November 23, 1994, Aycox was transported to Los Lunas, New Mexico to address the escape charge. That charge was dismissed, and Aycox was returned to California on May 19, 1995, to serve his California sentence. He attempted on several occasions to obtain extradition to New Mexico, without success.

On January 24, 1997, Aycox was paroled from his California sentence. He was returned to New Mexico to serve the remainder of his six-year sentence on February 26, 1997. New Mexico denied him credit on his sentence for time served in California. After exhausting his state remedies, he filed this petition for writ of habeas corpus, contending that New Mexico should have extradited him prior to service of his California sentence, or that New Mexico should have given him credit on his New Mexico sentence for time served in California.

I.

We consider first our standard of review. [2] This case was filed in district court after the effective date of the 1996 AEDPA amendments to 28 U.S.C. § 2254.  Section 2254(d), as amended, provides that a writ of habeas corpus

> shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The New Mexico state courts denied Aycox's state habeas petition in a summary order of dismissal which simply provided that "as a matter of law, Petitioner is not entitled to relief."  R. vol. 1, doc. 14, ex. E.  The Supreme Court

_____

[2]      Respondents argue that this appeal is moot.  We are not persuaded. Aycox was released from incarceration on his New Mexico prison sentence on February 28, 1999, and was placed on a two-year period of parole, to be served concurrently with a two-year period of probation.  While it is true that granting Aycox credit would likely not affect his period of probation,        cf. Aragon v. Shanks , 144 F.3d 690, 691 (10th Cir. 1998) (holding appeal moot where habeas petitioner on probation sought good time credits),        cert. denied , 119 S. Ct. 518 (1998), it would affect his period of parole,      see id.  For this reason, Aycox retains a personal stake in the outcome such that this case presents a case or controversy which is justiciable in this court.

-4-

of New Mexico subsequently issued an order denying his certiorari petition without analysis.

We have stated that the deferential post-AEDPA standard does not apply where the state court did not decide a claim on its merits.     See, e.g. , Moore v. Gibson , ___ F.3d ___, Nos. 98-6004, 98-6010, 1999 WL 765893, at *7 (10th Cir. Sept. 28, 1999);  Wallace v. Ward , ___F.3d___, No. 98-7116, 1999 WL 705152, at *3 (10th Cir. Sept. 10, 1999);    Hooks v. Ward , 184 F.3d 1206, 1223 (10th Cir. 1999).  In Moore , we assumed that the Oklahoma Court of Criminal Appeals had reached a decision "on the merits" of a prosecutorial misconduct claim, even though that court failed to mention the federal basis for the claim and failed to cite any state or federal law in support of its conclusion that the misconduct did not warrant reversal or modification.     See Moore , 1999 WL 765893, at *16. Other circuits have clearly held that a summary decision without even the cursory reasoning found in   Moore also can constitute an "adjudication on the merits" for purposes of § 2254(d), provided that the decision was reached on substantive rather than procedural grounds.     See Cardwell v. Greene  , 152 F.3d 331, 339 & n.4 (4th Cir. 1998) (holding state court decision "finding no merit" in certain claims was adjudicated on the merits),    cert. denied , 119 S. Ct. 587 (1998);   cf. Mercadel v. Cain , 179 F.3d 271, 274-75 (5th Cir. 1999) (construing one-word denial of postconviction relief claim as procedural rather than "on the merits" for purposes

of § 2254(d) because the state court record showed that petitioner had committed a fatal procedural error).

There is no evidence here that the state court did not consider and reach the merits of Aycox's claim. Since we have an adjudication on the merits, we must consider what it means to defer to a decision which does not articulate a reasoned application of federal law to determined facts. We conclude, for reasons that follow, that we owe deference to the state court's result, even if its reasoning is not expressly stated.

We begin with the language of the statute. Section 2254(d) requires us to examine the "decision" of the state court to determine whether it is contrary to, or involves an unreasonable application of, clearly established federal law or is based on an unreasonable determination of the facts. The focus is on the state court's decision or resolution of the case.

Other circuits which have considered the issue look to the state court's result and defer to it even where analysis is lacking. See Schaff v. Snyder, 190 F.3d 513, 1999 WL 637061, at *5 (7th Cir. 1999) (No. 97-3759) ("If the [state court] determination was reasonable, that is, at least minimally consistent with the facts and circumstances of the case, we shall uphold the state court ruling, even if it is not well reasoned or fully reasoned.") (citation omitted); Delgado v. Lewis, 181 F.3d 1087, 1091 n.3 (9th Cir. 1999) ("Conducting an independent review of

-6-

the record and applicable federal law when the state has not articulated its reasoning . . . provides the method for ascertaining whether the state court's resolution of the case was 'contrary to, or involved an unreasonable application of, clearly established federal law' under AEDPA.") (quoting § 2254(d)); but see Cardwell , 152 F.3d at 339 ("[B]ecause the state court decision fails to articulate any rationale for its adverse determination of [petitioner]'s claim, we cannot review that court's 'application of clearly established Federal law,' but must independently ascertain whether the record reveals a violation of [his] Sixth Amendment right to the effective assistance of counsel.").

Thus, we must uphold the state court's summary decision unless our independent review of the record and pertinent federal law persuades us that its result contravenes or unreasonably applies clearly established federal law, or is based on an unreasonable determination of the facts in light of the evidence presented. This "independent review" should be distinguished from a full de novo review of the petitioner's claims. See Delgado , 181 F.3d at 1091 n.3. Our review is in fact deferential because we cannot grant relief unless the state court's result is legally or factually unreasonable. [3]

---

[3]    Of course, it is far preferable if the state court explains its reasoning because then we are not forced to guess as to the reasoning behind a determination. A state court's explanation of its reasoning would avoid the risk that we might misconstrue the basis for the determination, and consequently

(continued...)

## II.

We turn next to the merits of Aycox's appeal. In his first issue, he contends that New Mexico denied him due process by declining to extradite him to serve his New Mexico sentence. Interstate extradition is provided for in the United States Constitution, Article IV, Section 2, Clause 2, which provides:

> A Person charged in any State with Treason, Felony, or other Crime, who shall flee from Justice, and be found in another State, shall on Demand of the executive Authority of the State from which he fled, be delivered up, to be removed to the State having Jurisdiction of the Crime.

This provision is implemented through 18 U.S.C. § 3182, which permits the executive authority in a state from which a fugitive has fled (the "requesting" state) to make a demand on the executive authority of the state to which he has fled (the "detaining" state) for arrest and delivery of the fugitive to an agent of the requesting state. Aycox cites no authority establishing a constitutional right in the fugitive to compel his own extradition, and we have found none. In fact, authority is to the contrary.

"[T]he constitutional dimension of extradition exists only when demand is made by one jurisdiction for the surrender of a person in another jurisdiction."

---

[3](...continued)
diminish the risk that we might conclude the action unreasonable at law or under the facts at hand. However, when presented with a summary disposition, as we are here, we will do our best under the standard of review mandated by AEDPA.

Ortega v. City of Kansas City, 875 F.2d 1497, 1499 (10th Cir. 1989). Aycox fails to show that New Mexico made any executive demand on California authorities to surrender him for service of the New Mexico sentence.[4] Thus, the constitutional rights connected to extradition proceedings did not attach.

Aycox cites In re Stoliker, 315 P.2d 12 (Cal. 1957), for the proposition that New Mexico was required to extradite him. "Under the so-called 'Stoliker rule' established by California case law . . . , a California prisoner is entitled to be made available for delivery to the prison authorities of another jurisdiction, if his California commitment expressly decrees that the California sentence shall run concurrently with an unexpired sentence in the other jurisdiction." In re Riddle, 49 Cal. Rptr. 919, 920 (Cal. Ct. App. 1966) (quotation omitted). Aycox fails to show that this California rule obligated New Mexico to extradite him. Cf. Jake v. Herschberger, 173 F.3d 1059, 1066 (7th Cir. 1999) (holding that Stoliker rule did not require a federal court to accept a prisoner tendered to it by the state of California, even though failing to extradite him deprived him of concurrent sentence credit). Moreover, he also fails to show that violation of the Stoliker rule constitutes a violation of federal law which could justify the grant of federal

_____

[4] Aycox argues that such a demand was made as to the escape charge. He fails to show, however, that New Mexico was obligated to retain custody of him or to seek extradition on other charges after the escape charge was dismissed.

habeas relief. See, e.g. , Tyler v. Nelson , 163 F.3d 1222, 1226 (10th Cir. 1999)

("We lack authority to correct errors of state law made by state courts.").

Aycox further argues that he had a constitutional right to timely extradition.

He cites Moore v. Arizona , 414 U.S. 25 (1973), Smith v. Hooey , 393 U.S. 374

(1969) and State v. Harvey , 510 P.2d 1085 (N.M. Ct. App. 1973), for this

proposition. These authorities do not support his claim. They concern situations

where a state charge has been lodged but not adjudicated against a person in

custody in another state. Under such circumstances, the requesting state's failure

to request timely extradition implicates the inmate's Sixth Amendment right to a

speedy trial. [5] Aycox had already been convicted of the New Mexico charges prior

to the time he began serving his California sentence. There is no speedy trial

consideration in his case, and Aycox fails to establish any other form of

constitutional violation.

Finally, Aycox argues that 18 U.S.C. § 3182 requires that his New Mexico

sentence be discharged. That statute states that if no agent for the requesting

state appears in the detaining state to pick up the fugitive within thirty days, "the

prisoner may be discharged." Obviously, the statute refers to discharge from

---

[5] These concerns are more specifically addressed in Article III(a) of the Interstate Agreement on Detainers, 18 U.S.C. App. 2, which requires that a prisoner be transported and tried on a pending charge in another state which is party to the IAD within 180 days after the prisoner makes a request for timely disposition of the charges.

detention in the detaining state, not discharge from an existing sentence in the requesting state. Aycox's argument lacks merit. [6]

## III.

Aycox next claims that respondents violated his constitutional right to due process by refusing to give him credit against his New Mexico sentence for time spent in custody in California. We must determine initially whether New Mexico's action resulted in incarceration in violation of its own laws or in a process which was fundamentally unfair. See, e.g. , Vasquez v. Cooper , 862 F.2d 250, 254 (10th Cir. 1988) (rejecting state inmate's habeas claim seeking credit for presentence incarceration on due process grounds where denial of credit did not result in a sentence which exceeded the permitted range under state law and procedure was not fundamentally unfair). If the state violated its own laws, Aycox must show that the alleged violation of state law denied him due process under the Fifth and Fourteenth Amendments. See Hicks v. Oklahoma , 447 U.S. 343, 346 (1980). Moreover, the deprivation occasioned by the state's failure to follow its own law must be "arbitrary in the constitutional sense"; that is, it must

---

[6] Aycox further argues, citing Hill v. Roberts , 359 So.2d 911 (Fla. Ct. App. 1978), that California could not hold him for extradition indefinitely, given the thirty-day time limit in § 3182. This argument is misplaced. California incarcerated Aycox for crimes committed in that state, not merely to hold him for extradition.

shock the judicial conscience. See, e.g. , Collins v. City of Harker Heights, Texas , 503 U.S. 115, 129-30 (1992).

In this case, Aycox has not even shown a violation of state law. An escapee from a New Mexico prison who is incarcerated elsewhere on an unrelated charge is not entitled to earn actual or good time credit on his New Mexico sentence. See Caristo v. Sullivan , 818 P.2d 401, 410 (N.M. 1991). Moreover, Aycox has not shown, by clearly established Supreme Court precedent, that New Mexico's decision to deny him credit resulted in any fundamental unfairness or otherwise denied him due process of law.

The judgment of the United States District Court for the District of New Mexico is AFFIRMED.