**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 6 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

DARCI KAYLEEN PIERCE,

      Petitioner-Appellant,

v.

PENNY LUCERO, Warden, and
ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO,

      Respondents-Appellees.

No. 99-2219
(D.C. No. CIV-98-799-JC)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA, McKAY,** and **MURPHY,** Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Darci Kayleen Pierce was found guilty but mentally ill of first-degree murder, kidnaping, and child abuse. She seeks a certificate of appealability (COA) to appeal from the district court's denial of her petition for relief under 28 U.S.C. § 2254. Under the Antiterrorism and Effective Death Penalty Act of 1996, codified in relevant part at 28 U.S.C. § 2254(d),

> a state prisoner will be entitled to federal habeas corpus relief only if he can establish that a claim adjudicated by the state courts "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Further, "a determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). That presumption of correctness is rebuttable only "by clear and convincing evidence." *Id.*

*Boyd v. Ward*, 179 F.3d 904, 911-12 (10th Cir. 1999) (quoting § 2254(d)). The district court concluded that Pierce was not entitled to federal habeas relief because she had not satisfied this standard, and denied her request for a COA. In her application for a COA to this court, Pierce raises four issues she ascertains satisfy the requirement of a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). They include claims that: (1) her rights were violated when the state trial court failed to instruct the jury on a *mens rea* element for felony murder; (2) her Sixth Amendment right to a fair and impartial jury was violated when a juror intentionally failed to disclose material information that

would have provided a valid basis for striking that juror for cause; and (3) her Sixth Amendment right to effective assistance of counsel was denied when her trial counsel failed to investigate the mental health history of her biological family. These three issues were presented to the state courts either on direct appeal or in state habeas proceedings. The state courts held evidentiary hearings on the second and third claims and discussed the resolution of all three issues in orders denying relief. The three issues also provided the basis for Pierce's federal habeas petition. In her application to this court, she adds an additional claim that the federal district court violated her rights to due process by denying her federal habeas petition without reviewing the entire trial transcript of the state court proceedings.

**1. Failure to review the entire state court record.** A review of the entire trial transcript is at times necessary to resolve a habeas issue. *See Aycox v. Lytle*, No. 98-2298, 1999 WL 1037603, at *2 (10th Cir. Nov. 16, 1999) (noting that independent review of the record is necessary when a state court has not articulated its reasoning for denying postconviction relief on the merits). When the state court has articulated its reasoning and cited facts supporting its decision, however, and depending on the nature of the habeas claim, the district court may have enough facts before it to resolve an issue without reviewing the whole record. *See Guzman v. Williams*, No. 98-2172, 1999 WL 430059, at **4

(10th Cir. June 28, 1999) (holding that, in light of the record before it and the specific nature of the claim, the federal district court did not err in dismissing some habeas claims without reviewing the whole trial transcript) (unpublished). The state courts in this case fully articulated their reasoning in denying relief on each of the three issues for which Pierce alleged state-court error. The facts supporting their decisions are set forth in the opinions and orders. Because the federal district court could analyze Pierce's claims on the facts presented, it did not err in refusing to review the whole trial transcript.

**2. Failure to instruct on an essential element.** The jury returned an undifferentiated first-degree murder verdict without specifying whether it relied on deliberate murder or felony murder as the basis for its verdict. The state habeas court carefully reviewed the whole record, conducted the harmless error analysis required by the admitted error of failing to instruct on a *mens rea* element for felony murder, and concluded that the record

> elaborates sufficient evidence of malice that the jury would have been justified convicting Ms. Pierce on either the deliberate murder or the felony murder instruction, especially considering the extensive testimony regarding Ms. Pierce's state of mind. As intent was adequately proven, whether error was committed was inconsequential to the outcome.

Appellant's Joint App., Vol. I at 389. The federal district court reexamined the analysis and found it to be sound. *See* Appellant's Br., Ex. C at 7-9. In her application for COA, Pierce alleges that the state habeas court failed to use the

-4-

proper standard found in *Brecht v. Abrahamson*, 507 U.S. 619, 622 (1993) (stating that the habeas standard for harmless error is whether the error had "substantial and injurious effect or influence in determining the jury's verdict"), and that the federal district court failed to recognize that the state court had used the wrong standard. *See* Appellant's Br. at 29. Contrary to this assertion, the federal district court specifically applied the *Brecht* standard, determined that the state court had, in fact, also applied the standard, and concluded that under the undisputed facts as established at trial, "there can be little question that Petitioner knew that her acts created a strong possibility of great bodily harm to the victim" so that the error was indeed harmless. *See id.*, Ex. C at 8-9.

Pierce argues that she presented enough evidence to support her insanity defense that intent was a crucial issue and substantial questions existed whether she in fact knew her acts caused a strong possibility of harm to the victim. She also argues that the nature of the guilty but mentally ill verdict demonstrates that the jury found the evidence of the mental illness persuasive. Pierce ignores the fact, however, that by rejecting her insanity defense and finding her guilty, the jury also found that she was not so mentally ill that she did not know what she was doing or was not unaware of the difference between right and wrong. Further, the jury found beyond a reasonable doubt when it convicted her of kidnaping that Pierce took her victim by force or deception with the intent to take

-5-

the victim's baby from her. *See* Appellant's Joint App., Vol. I at 384. It would be absolutely inconsistent to find beyond a reasonable doubt that Pierce was sane enough to purposefully kidnap the victim with the specific intent to take the victim's baby, but that she was not sane enough to know that strangling the victim and cutting her open to get the baby was likely to result in great bodily harm. Having failed to show that the state court's harmless error analysis was unreasonable or contrary to federal law, Pierce was not entitled to federal habeas relief on this issue and has also failed to make a substantial showing of the denial of a constitutional right.

   **3. Failure to grant new trial due to alleged juror bias.** Pierce did not raise her juror bias claim in her state habeas petition, *see* Appellant's Joint App., Vol. I at 388, 395, but she did directly appeal on that ground, *see State v. Pierce*, 788 P.2d 352, 354-56 (N.M. 1990). In response to the trial court's voir dire question, "have you ever had to be treated by a psychiatrist or psychologist for any reason?", the juror answered, "Not that I remember, your Honor. . . . [A]t one time, I had . . . kind of a dizzy spell, and they thought that I needed a psychiatrist, and finally a doctor got ahold of me and took care of me. So I didn't have to have a psychiatrist." *Id.* at 354. Pierce requested a new trial after discovering that the juror had apparently told a reporter contradictory information after the trial. The trial court held an evidentiary hearing, and the juror admitted that he

had experienced a traumatic event as a child that resulted in his hospitalization for depression. He maintained, however, that he had never been treated by a psychiatrist at the hospital, and that his doctors were dealing with his loss of speech and not with his mind during treatment. *See id.* The trial court concluded that Pierce had failed to establish either an intentional material misrepresentation or actual prejudice and denied the motion for new trial. *See id.* On appeal, the New Mexico Supreme Court held that, assuming the juror's voir dire statements that he had not personally received psychological counseling were intentional misrepresentations,

> his statements were not germane to his capacity to sit as an impartial juror; . . . [that Pierce] has not shown how she was actually prejudiced by the juror's sitting on the jury; . . . [that Pierce] was not entitled as a matter of law to have exercised a peremptory challenge to strike the juror from sitting on the jury; and [that] the trial court soundly exercised its discretion in denying the motion for new trial

based on the juror's failure to disclose. *Id.* at 356. The court also noted that it was not clear whether, had Pierce known the juror had been treated for depression in a mental hospital, she would have regarded him as an unfavorable juror at the time. *See id.*

In her federal habeas petition, Pierce alleged that the trial court's factual finding that she had not shown that the juror intentionally and dishonestly concealed a material fact was not fairly supported by the record. *See* Appellant's Br., Ex. C at 11-12. Contrary to Pierce's allegations, the federal district court did

not analyze only a single response by the juror in determining that the trial court's finding was supported in the record. Referring to parts of the record that quoted the juror's testimony and to the Supreme Court opinion that also quoted testimony, the federal district court found that "[p]etitioner's contention that the trial court's findings are unsupported by the record is itself unsupported," and concluded that Pierce had failed to show that the "trial court's findings are based on an unreasonable determination of the facts in light of the evidence presented to it." *Id.* at 12.

In her application for COA, Pierce further argues that the juror's post-trial statements at the evidentiary hearing that he could "see the devil" in her called into question his ability to be an impartial juror, and both the state and federal courts erred in not recognizing the implications of this testimony. Appellant's Br. at 43. Pierce fails to connect the juror's alleged dishonesty in answering voir dire questions with this post-trial statement. The New Mexico Supreme Court noted that at the hearing on her motion for new trial, Pierce did not raise this post-trial remark as an issue warranting new trial. *See Pierce*, 788 P.2d at 356. The court also noted that

> the juror testified that he arrived at his verdict on the basis of the evidence presented at trial, and not on the basis of . . . his ability to "see the devil in the Appellant." When asked by defense counsel if his experience with former mental patients had given him "special insights as to whether [Appellant] was insane," the juror answered,

"No, no. Like I said, at that time when I was sitting as a juror, it did not even enter -- it didn't enter my mind at all."

*Id.* Pierce does not explain why, in light of this undisputed testimony and the accompanying analysis, the state court's conclusions were contrary to or involved an unreasonable application of clearly established federal law, or that there was an unreasonable determination of the facts in light of the evidence. Thus, the federal district court properly held that federal habeas relief should not be granted and a COA also should not issue on this ground.

**4. Ineffective assistance of counsel.** The district court's denial of relief based on Pierce's ineffective assistance of counsel claim rested on an undisputed fact set forth in the state court habeas decision after that court held an evidentiary hearing on the issue. The state court ruled that because none of the six mental health experts employed by the state or the defense demanded or requested biological background information, counsel was not deficient in failing to attempt to locate Pierce's biological mother to inquire whether there was any family history of mental illness. *See* Appellant's Joint App., Vol. I at 392. The court alternately concluded that, even if counsel was deficient in not conducting such an investigation, the testimony regarding Pierce's mental state was so extensive "there is little probability that had the biological mother been located the outcome of the trial would have been different." *Id.* Although Pierce now alleges that the mental health experts could have diagnosed a specific disorder more readily and

that at least one of her experts would have changed her testimony to include an opinion that Pierce was insane at the time of the murder, the record reflects that at least one of her four mental experts *did* testify at trial that she met the New Mexico standard for a finding of not guilty by reason of insanity. *See id.* at 380. Both state experts apparently testified at the evidentiary hearing that Pierce's genetic history discovered after the trial would not be regarded as of any great importance and that it did not change their opinion regarding Pierce's mental evaluation--that she suffered from certain mental ailments, but was not insane at the time she committed the homicide. *See id.*

As the federal district court pointed out, Pierce has not shown in her federal habeas petition that the state court's adjudication of this issue is unreasonable or contrary to clearly established law or is based on an unreasonable determination of facts. She simply asks this court to reanalyze the facts and law and come up with a different result. She has failed to establish the right to a writ under 28 U.S.C. § 2254(d). *See* Appellant's Br., Ex. C at 7, 15. Consequently, she also has failed to make a substantial showing of the denial of a constitutional right on this issue.

Pierce's application for a COA is DENIED and the appeal is DISMISSED. The mandate shall issue forthwith.

                                                    Entered for the Court

-10-

Michael R. Murphy
Circuit Judge