HENRY, Circuit Judge,
Concurring:
I, like Judge Ebel, join Judge Briscoe’s opinion in its entirety, with the following qualification. In light of Aycox v. Lytle, 196 F.3d 1174, 1177-78 (10th Cir.1999) (“We conclude ... that we owe deference to the state court’s result, even if its reasoning is not expressly stated.”), I think we must conclude that the OCCA did adjudicate the Ake issue, despite the short shrift given to that issue. Nevertheless, I agree with both Judges Briscoe and Ebel that pre-AEDPA standards of review apply. Pre-AEDPA standards of review (and thus de novo review of Mr. Toles’ claim under Ake) apply because either: 1) the OCCA unreasonably applied Ake, as argued by Judge Ebel; or 2) the OCCA’s determination that Mr. Ganstine’s refusal to fund Dr. Lipman’s travel amounted to “trial strategy” itself amounted to an “unreasonable determination of the facts” under 28 U.S.C. § 2254(d)(2), of. Op. at - - -(essentially reaching the same conclusion: “[The OCCA] made a critical, and what now appears to be a clearly erroneous, finding of fact, i.e. that [Mr.] Ganstine denied [Mr.] Toles’ funding request for strategic reasons.... In short, contrary to the findings of the OCCA, the uncontroverted evidence indicates that [Mr.] Ganstine’s decision was a purely fiscal one.”). It was this unreasonable determination that led the OCCA to conclude that, because Mr. Toles, through his ‘counsel’ Mr. Ganstine, had himself chosen to forego Dr. Lipman’s testimony, the balance of the analysis should proceed under Strickland rather than Ake. See Toles v. State, 947 P.2d 180, 187 (Okla.Crim.App.1997) (effectively concluding its ‘Ake analysis’ by reasoning: “The record indicates [Mr. Ganstine’s] decision not to secure [Dr. Lipman] for trial was based on trial strategy. The question therefore becomes one of effective assistance of counsel ... ”).