**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 10 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CHRISTOPHER BALDWIN,

Petitioner - Appellant,

v.

TWYLA SNIDER, Warden,

Respondent - Appellee.

No. 02-6042
(D.C. No. CIV-00-2071-L)
(W.D. Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **MURPHY**, Circuit Judges.[**]

Petitioner-Appellant Christopher Baldwin, an inmate appearing through counsel, seeks a certificate of appealability ("COA") allowing him to appeal the district court's order denying relief on his petition for a writ of habeas corpus. See 28 U.S.C. § 2254. Because Mr. Wright has failed to make "a substantial showing of the denial of a constitutional right" as required by 28 U.S.C. §

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

2253(c)(2), we deny his request and dismiss the appeal.

Mr. Baldwin was convicted by a jury in Oklahoma state court of robbery with a firearm and shooting with intent to kill. He was sentenced to consecutive imprisonment terms of forty years for the robbery count and forty-two years for the shooting with intent to kill count. On direct appeal, the Oklahoma Court of Criminal Appeals ("OCCA") affirmed.

Mr. Baldwin then filed a petition for a writ of habeas corpus in federal district court asserting the same four claims raised before the OCCA: (1) prosecutorial misconduct; (2) denial of his constitutional right to confront adverse witnesses; (3) ineffective assistance of trial counsel; and (4) deprivation of due process from the trial court's exclusion of rebuttal evidence. The magistrate judge carefully considered each of these claims and issued a report and recommendation that the district court deny his petition. After consideration of Mr. Baldwin's objections, the district court adopted the magistrate judge's recommendation, denied Mr. Baldwin's petition on the merits and declined to grant him a COA. Except for the prosecutorial misconduct claim, Mr. Baldwin now asserts the same issues before this court in seeking a COA.

In order for this court to grant a COA, Mr. Baldwin must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, the district court has rejected the habeas petitioner's

constitutional claims on the merits, the petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

The claims before the district court were presented to the OCCA and were denied by that court in a summary opinion. As such, the district court could not properly issue a writ of habeas corpus unless it found that the state court adjudication resulted in a decision that "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); Williams v. Taylor, 529 U.S. 362, 412-13 (2000). Further, the fact that the OCCA denied relief to Mr. Baldwin in a summary opinion has no effect on the deference owed to the state court's result. See Aycox v. Lytle, 196 F.3d 1174, 1177 (10th Cir. 1999). It is against these standards that the district court's denial of the COA and the petition must be assessed.

In an argument that has remained essentially unchanged from the objections lodged against the magistrate judge's report and recommendation, Mr. Baldwin first argues that his constitutional right to confront adverse witnesses was denied when the trial court limited his ability to show that the State had given preferential treatment to a key prosecution witness, Robert Perosi. The OCCA concluded that the trial court had erred in this regard, but nonetheless determined

that the error was harmless beyond a reasonable doubt. After carefully reviewing the reasoning of the magistrate judge and the district court, as well as reexamining petitioner's argument, we find that Mr. Baldwin's claim is without merit. Even assuming Mr. Baldwin's rights under the Confrontation Clause were violated by the restriction on cross-examination, we are convinced that the trial court error would be harmless in that it did not have a "substantial and injurious effect or influence in determining the jury's verdict." Brecht v. Abrahamson, 507 U.S. 619, 623 (1993) (quoting Kotteakos v. United States, 328 U.S. 750, 776 (1946)). See also Delaware v. Van Arsdall, 475 U.S. 673, 684 (1986) (listing factors relevant to the harmlessness analysis); Crespin v. New Mexico, 144 F.3d 641, 649-50 (10th Cir. 1998).

Mr. Baldwin next argues that the behavior of his trial counsel denied him his right to the effective assistance of counsel. While Mr. Baldwin's brief continues to focus on the first prong of Strickland v. Washington, 466 U.S. 668, 689-90 (1984), in arguing that his counsel's performance was deficient, Mr. Baldwin once again fails to establish the necessary second Strickland prong that he was prejudiced by the claimed deficiency. See id. at 694 ("The *defendant* must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (emphasis added)). After carefully considering each of the three claimed bases of counsel

deficiency, we are persuaded by the reasoning of the magistrate judge and the district court regarding the lack of demonstrated prejudice under Strickland.

Finally, Mr. Baldwin argues precisely as he did below that he was deprived of due process and a fundamentally fair trial when the trial court refused to allow certain rebuttal evidence. See Brinlee v. Crisp, 608 F.2d 839, 850 (10th Cir. 1979). The OCCA specifically found this claim to be "wholly without merit" since it was Mr. Baldwin's co-defendant who sought to offer rebuttal testimony, not Mr. Baldwin. Baldwin v. Oklahoma, Case No. F-98-309, at 2 (Okla. Crim. App. Sept. 16, 1999). After carefully reviewing Mr. Baldwin's claim, and in light of his opportunity to call witnesses in his case-in-chief, we agree with the OCCA, the magistrate judge and the district court that no trial error occurred regarding the exclusion of rebuttal evidence that deprived Mr. Baldwin of a fair trial.

Because none of Mr. Baldwin's claims suffice to make a substantial showing of a denial of a constitutional right, we DENY a COA and DISMISS the appeal.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge