**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 7 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

STACY SIMMS,

        Petitioner-Appellant,

v.

ERASMO BRAVO, Warden,
Guadalupe County Correctional
Facility; ATTORNEY GENERAL
FOR THE STATE OF NEW MEXICO,

        Respondents-Appellees.

No. 03-2286

District of New Mexico

(D.C. No. Civ-01-1428)

## ORDER AND JUDGMENT *

Before **EBEL, MURPHY** , and **McCONNELL** , Circuit Judges.

    Stacy Simms, a state prisoner proceeding *pro se* , seeks a certificate of

appealability (COA) that would allow him to appeal from the district court's order

denying his habeas corpus petition under 28 U.S.C. § 2254. Because we conclude

that Mr. Torres has made "a substantial showing of the denial of a constitutional

---

*This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

right," we grant COA with respect to one issue raised in his application. 28 U.S.C. § 2253(c)(2).

Because Mr. Simms filed his habeas petition after the effective date of the Antiterrorism and Effective Death Penalty Act (AEDPA), our review is governed by its provisions. *McGregor v. Gibson*, 248 F.3d 946, 951 (10th Cir. 2001). Under AEDPA, in order to appeal the district court's denial of habeas relief in which the detention arises out of process issued by a state court, a petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He may make this showing by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal citations and quotation marks omitted).

Mr. Simms was convicted in New Mexico state court of two counts of criminal sexual penetration, two counts of aggravated burglary, one count of kidnaping, two counts of aggravated battery, one count of tampering with evidence, and one count of intimidation of a witness. The New Mexico Court of Appeals reversed on one of the aggravated burglary counts, one of the aggravated battery counts, and the intimidation of a witness count. The court affirmed the remaining convictions, and Mr. Simms was sentenced to imprisonment for fifty-

eight and one half years. In this habeas proceeding, he challenges his incarceration on two grounds: (1) insufficiency of the evidence, and (2) violation of his right to a speedy trial.

We conclude that Mr. Simms has failed to make "a substantial showing of the denial of a constitutional right" with respect to the sufficiency of the evidence. His argument is based primarily on the fact that fingerprint evidence introduced against him at trial was based on partial prints, and on challenges to the credibility of the victim's identification testimony. Because these claims were adjudicated on the merits in the state court, Mr. Simms is not entitled to collateral relief in federal court unless he can show that the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. §2254(d)(1). Mr. Simms has not met that difficult standard.

Mr. Simms also raises a speedy trial claim. There was a twenty-seven month delay between Mr. Simms's arrest and his trial, resulting from five continuances. The trial court and the New Mexico Court of Appeals rejected Mr. Simms's claim that this lengthy delay violated his right to a speedy trial. Mr. Simms asserts that the state court's decision misstated the record and incorrectly applied the Supreme Court's speedy trial balancing test. These assertions raise

questions that are sufficiently substantial to justify considering them on the merits. We therefore grant a COA on the speedy trial issue.

We turn now to the merits of Mr. Simms's speedy trial claim. This claim was adjudicated on the merits in state court, and our review is therefore deferential. Mr. Simms can only prevail if he can show that the state court's decision was an unreasonable application of Supreme Court precedent or was an unreasonable determination of the facts in light of the evidence presented to the state court. *See* 28 U.S.C. §2254(d)(1).

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." In *Barker v. Wingo*, 407 U.S. 514 (1972), the Supreme Court articulated a four-factor balancing test to determine whether a defendant has been deprived of his right to a speedy trial. The four factors to be considered are (1) the length of the delay, (2) the reason for the delay, (3) the extent to which the defendant asserted his speedy trial rights, and (4) prejudice to the defendant. *Id*. at 530-32. In *Barker*, the Court emphasized the flexible nature of this test, stating that none of the four factors is either a necessary or a sufficient condition to a successful speedy trial claim. *Id*. at 533. Additional factors might be relevant in any given case. *Id*. The Court characterized the right to a speedy trial as "slippery," "amorphous," "imprecis[e]," "necessarily relative," and "more vague" than other procedural

-4-

rights. *Id*. at 521-22, 30. Thus, the Court concluded that it could "do little more than identify some of the factors which courts should assess" and that the flexibility of its test "necessarily compels courts to approach speedy trial cases on an ad hoc basis." *Id*. at 530.

The flexibility of the Supreme Court's speedy trial test creates a high hurdle for habeas petitioners claiming that a state court's speedy trial decision was unreasonable. AEDPA only allows us to grant the petition if the state court's decision falls outside the range of reasonable applications of the *Barker* test, and the Supreme Court made it clear in *Barker* that the range is very broad indeed.

Under this standard, Mr. Simms's petition must be denied because the New Mexico court's resolution of the speedy trial claim was a reasonable application of the *Barker* test.[1] The New Mexico Court of Appeals specifically applied *Barker*'s four factors. It first considered the length of the delay and agreed with Mr. Simms that the 27-month delay was sufficiently lengthy to be "presumptively

---

[1]We note that the New Mexico courts provided Mr. Simms with an ample opportunity to litigate his speedy trial claim and it is evident that they considered the claim carefully. The trial court twice considered Mr. Simms's contention that his case be dismissed on speedy trial grounds, holding two separate hearings on the question. (R. doc. 10, at 12-14). The New Mexico Court of Appeals then upheld the trial court's denial of Mr. Simms's motion, devoting 11 pages to a discussion of the speedy trial claim. Although a state court that fails to articulate any reasons for its decision is still entitled to deference under AEDPA, a carefully reasoned state court decision is more likely to withstand judicial scrutiny because it ensures that we do not misconstrue the basis for the state court's decision. *Aycox v. Lytle*, 196 F.3d 1174, 1178 n.3 (10th Cir. 1999).

prejudicial," thereby requiring the state to show that, on balance, the four factors do not weigh in favor of dismissal. Op. at 3.

In analyzing the "reasons for delay" prong, the court divided the twenty-seven months between arrest and trial into three periods of delay. The first continuance, from July to December, 1996, was made at the behest of the State and stipulated to by defense counsel in order to enable defense counsel, who had been appointed only one month earlier to replace Mr. Simms's original attorney, to prepare for trial. Because the delay was stipulated to by defense counsel and was for the defendant's benefit, the court weighed the first delay "slightly" in favor of the State.

The State sought the second extension, from December 1996 to June 1997, because DNA evidence implicated Mr. Simms in two other unsolved rape cases and the State needed time to complete the testing and investigation of those cases in order to consider joining them with the current one. The State court found that this was an appropriate reason for delay and that this period was neutral for purposes of the *Barker* test.

The State then moved for a third extension, from June to December, 1997, on the same ground, namely, its ongoing DNA investigation into other rapes. The trial court rejected this ground, but granted the extension anyway because the victim was in the hospital awaiting surgery and would be unavailable to testify for

the next few months. The New Mexico Court of Appeals therefore did not weigh this delay against the State. Op. 5, quoting *Barker*, 407 U.S. at 531 ("[A] valid reason, such as a missing witness, should serve to justify appropriate delay.").

In November, the State requested a fourth extension. The trial court granted the extension until April, 1998, on the grounds that the prosecutor and judge had a scheduling conflict with another trial and the victim remained ill and unable to travel. The New Mexico Court of Appeals held that this delay was partially neutral, because victim illness is a valid reason, and partially attributable to the state, because, under *Barker*, the state is ultimately held responsible for scheduling problems.

Considering the four periods of delay together, the New Mexico court concluded that the State was responsible for some delay, the defendant responsible for some, and the rest was neutral. The court therefore held that the second *Barker* factor did not favor either party.

The third *Barker* factor is the extent to which the defendant asserted his speedy trial rights. The New Mexico court noted that the defendant's first counsel demanded a speedy trial in his initial form entry of appearance, that trial counsel verbally objected to the State's extension requests, and that Mr. Simms moved to dismiss the charges on speedy trial grounds. However, the court also pointed out that Mr. Simms never filed formal written responses to the State's

continuance motions and never, other than in the form entry of appearance, affirmatively demanded a speedy trial. The court therefore concluded that this factor did not weigh significantly in favor of Mr. Simms.

The New Mexico Court of Appeals then considered the fourth *Barker* factor, prejudice to the defendant. The Court acknowledged the hardships Mr. Simms endured during 27 months of pretrial incarceration and found that he was prejudiced, although the weight of this prejudice was diminished somewhat because his incarceration was due, at least in part, to a probation violation based on charges unrelated to the rape prosecution. Mr. Simms also contended that his defense at trial was impaired by the delay because the prosecutor, in front of the jury, questioned his failure to call witnesses to support his alibi defense. The New Mexico court, however, was unimpressed with this contention, because Mr. Simms failed to identify who, if anyone, could have supported his alibi and he did not present any evidence that he attempted to obtain such witnesses or that their unavailability was related to the delay.

When the New Mexico court balanced all of the *Barker* factors together, it concluded that the delay did not violate Mr. Simms's right to a speedy trial. The court acknowledged that the delay was lengthy and that Mr. Simms was prejudiced. On the other hand, the prejudice was not overly severe, some of the delay was attributable to the defendant, and none of it was attributable to attempts

by the State to gain an advantage or otherwise harm the defendant. The court ruled that, on balance, the *Barker* factors did not tip sufficiently in favor of Mr. Simms to warrant dismissal of the charges on speedy trial grounds.

Mr. Simms contends that the state court decision was unreasonable for several reasons. First, he argues that the continuance which was granted to allow his second lawyer to prepare for trial was not attributable to him, because he was not responsible for the delay in appointing initial counsel or for the replacement of his first lawyer. We cannot determine from the record the causes for the delay in appointing initial counsel and for replacing the first lawyer. Nevertheless, it was not unreasonable for the state court to attribute this delay to the defendant. The delay was stipulated to by defense counsel, it was given for the benefit of Mr. Simms, and, in his briefs before the New Mexico Court of Appeals, Mr. Simms's appellate counsel conceded joint responsibility for the delay. It is not unreasonable for a state court to weigh slightly against the defendant a delay that was for his own benefit and to which trial counsel stipulated and appellate counsel conceded joint responsibility.

Mr. Simms also claims that the state court misstated the record when it said that Mr. Simms failed to file formal objections to the continuances or to demand a speedy trial. Mr. Simms claims that he demanded a speedy trial twice, once in his first lawyer's form entry of appearance and again orally through a motion to

dismiss a year and a half later. The New Mexico Court of Appeals acknowledged these facts, but discounted somewhat their importance. The court, relying on *Barker* , correctly pointed out that the assertion of the right to a speedy trial is to be given less weight when the defendant does not request a speedy trial but only moves to dismiss on speedy trial grounds. *See* 407 U.S. at 535. Otherwise, defendants could get charges dismissed based on delays that they acquiesced in at the time. In this case, it seems that Mr. Simms genuinely opposed most of the continuances, but it was not unreasonable for the state court to discount somewhat his assertion of the right due to failure to file formal oppositions and failure, in the motion to dismiss, to demand in the alternative an immediate trial.

Finally, Mr. Simms contends that the state court unreasonably concluded that his defense was not prejudiced by the delay. The court rejected Mr. Simms's contention that the delay hindered his ability to produce alibi witnesses because Mr. Simms failed to state specifically whose testimony was lost and how the witness's unavailability was caused by the delay. To establish prejudice, a defendant must provide some specific evidence. *See United States v. Villano* , 529 F.2d 1046, 1060 (10th Cir. 1976). On appeal, Mr. Simms now refers to a specific alibi witness, a Mr. Spicer, who allegedly would have testified that he was together with Mr. Simms at a nightclub on the night of the crime. Mr. Simms alleges further that defense counsel's investigator had spoken with Mr. Spicer

before trial but due to the lengthy delay Mr. Spicer could not be found to testify at trial. According to Mr. Simms, Mr. Spicer's unavailability was the subject of an in camera hearing before the trial judge.

It was not unreasonable for the New Mexico Court of Appeals to have failed to consider the specific claim of prejudice arising from the loss of Mr. Spicer's testimony because the record does not reflect that any allegations or evidence related to Mr. Spicer was before the court. Mr. Simms's briefs to the New Mexico Court of Appeals make no mention of Mr. Spicer or any other specific alibi witness. Thus, although Mr. Simms now makes more specific allegations in his habeas appeal, this does not change the fact that he failed to provide specific evidence to the state court regarding the impairment of his alibi defense. It cannot be unreasonable for the state court to reject Mr. Simms's argument for failure to provide specific evidence when in fact he failed to provide any specific evidence.

Mr. Simms has not demonstrated that the decision of the New Mexico Court of Appeals was an unreasonable application of the *Barker* test. In so concluding, we do not wish to minimize the hardships that surely resulted from such a long delay. Twenty-seven months is a long time to wait in jail, and were we considering this case *de novo*, perhaps we might have weighed the factors more heavily in Mr. Simms's favor. Nevertheless, the state court's application of

the "difficult and sensitive balancing process," *Barker*, 407 U.S. at 533, was well within the limits established by the Supreme Court for consideration of speedy trial claims.

For the foregoing reasons, we **AFFIRM** the district court's dismissal of Mr. Simms's habeas petition.

Entered for the Court

Michael W. McConnell
Circuit Judge