**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 22, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

GAVIN LEE HAWKINS,

Petitioner-Appellant,

v.

STATE OF OKLAHOMA,

Respondent-Appellee.

No. 04-6398

(W.D. Oklahoma)

(D.C. No. CV-03-1079-R)

**ORDER**

Before **EBEL**, **McKAY**, and **HENRY**, Circuit Judges.

Gavin Lee Hawkins, a state prisoner proceeding pro se, seeks a certificate

of appealability (COA) to appeal the denial of his 28 U.S.C. § 2254 petition for

habeas corpus based on ineffective assistance of trial counsel. We deny his

request for a COA and dismiss this matter.

**I.   BACKGROUND**

In 1999, Mr. Hawkins was convicted by a state-court jury in Grady County,

Oklahoma, of two counts of lewd molestation of a child. On direct appeal to the

Oklahoma Court of Criminal Appeals (OCCA), Mr. Hawkins claimed that he

received ineffective assistance of counsel. His claim was based on the fact that

his lawyer failed to timely include the proper name of a defense witness on the witness list and the court subsequently refused to allow the witness to testify. According to Mr. Hawkins, the witness would have testified that the alleged victim of the lewd molestation charges, who was Mr. Hawkins's stepdaughter, "had plotted with her two brothers to 'get rid of Mr. Hawkins,' and that [the alleged victim] said that 'she would do anything to get rid of [Mr. Hawkins]." Relevant State Court Records, doc. 13, at 11. Mr. Hawkins argued that the testimony of this witness would have established the child's motive and intention to lie. *Id.* Mr. Hawkins contends that he was prejudiced because counsel's faulty performance deprived him of a "critical witness." *Id.* at 15.

The OCCA considered Mr. Hawkins's ineffective assistance claim and denied relief in a summary opinion. Although the OCCA held that Mr. Hawkins's trial counsel did indeed perform below the objective standard of reasonableness required by *Strickland v. Washington*, 466 U.S. 668 (1984), it concluded Mr. Hawkins suffered no prejudice as a result. *See* OCCA Op. at 2.

Mr. Hawkins subsequently requested a COA and filed a 28 U.S.C. § 2254 motion for habeas corpus relief. A magistrate judge recommended denial of the petition. Citing *Aycox v. Lytle*, 196 F.3d 1174, 1177 (10th Cir. 1999), the magistrate judge concluded that Mr. Hawkins's ineffective assistance claim was adjudicated on the merits by the OCCA. The magistrate judge therefore

2

concluded that the OCCA's determination was entitled to deference under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under AEDPA,

> [i]f a claim is adjudicated on the merits in state court, we will grant habeas relief to a petitioner only if he can establish that the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings."

*Spears v. Mullin*, 343 F.3d 1215, 1255 (10th Cir. 2003) (quoting 28 U.S.C. § 2254(d)(1), (2)). Noting that AEDPA requires federal courts to presume state court factual findings are correct and places the burden on the petitioner to rebut this presumption by clear and convincing evidence, *see id.*, the magistrate judge determined that Mr. Hawkins had not met AEDPA's demanding standards under § 2254. *See Upchurch v. Bruce*, 333 F.3d 1158, 1162 (10th Cir. 2000) (quoting *Williams v. Taylor*, 529 U.S. 362, 413 (2000)).

The magistrate judge ruled that the OCCA's determination that Mr. Hawkins was not prejudiced by his counsel's failure to timely include the witness's name on the witness list was not an unreasonable application of *Strickland*. The familiar two-part test of *Strickland* requires a petitioner to show not only that counsel's performance was objectively unreasonable, but also that it prejudiced him or her. *See Strickland*, 466 U.S. at 689-90. To meet the prejudice

3

prong, Mr. Hawkins must establish a reasonable probability that the witness's testimony would have resulted in a different outcome at trial. *See id.* at 694.

The magistrate judge determined that Mr. Hawkins could not do so because (1) Mr. Hawkins made incriminating admissions to Department of Human Services and law enforcement officials concerning the lewd molestation acts against the child, (2) Mr. Hawkins wrote a letter to the child, apologizing for what he had done and for claiming that she was lying, and (3) Mr. Hawkins's counsel had an opportunity to explore the relationship between Mr. Hawkins and the child.

The magistrate judge also addressed Mr. Hawkins's request for an evidentiary hearing to present the factual basis for his ineffective assistance claim. Having determined that Mr. Hawkins was diligent in attempting to develop the factual basis for his claim by moving to supplement the record and requesting an evidentiary hearing in state court, the magistrate judge concluded he was not entitled to an evidentiary hearing in federal court because his allegations were contravened by the factual record in the case. *See* Rec. doc. 16, at 14-15 (Rep't and Rec. filed Nov. 12, 2004).

After considering and rejecting Mr. Hawkins's objections to the magistrate judge's report and recommendation, the district court adopted it in its entirety and agreed that Mr. Hawkins was not entitled to an evidentiary hearing because his

4

claim of prejudice was contravened by the existing factual record. The district court also denied the habeas petition with regard to the ineffective assistance claim.

Mr. Hawkins then filed a notice of appeal. Because the district court did not address the issue of a COA, a COA is deemed denied under our Emergency General Order of October 1, 1996. We construe Mr. Hawkins's notice of appeal as a request for a COA. We must determine whether to grant a COA before turning to the merits. We exercise jurisdiction under 28 U.S.C. § 2253 and deny a COA.

## II.  DISCUSSION

Issuance of a COA is jurisdictional. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). A COA can issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327. "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Id*. at 336. "This threshold inquiry does not require

5

full consideration of the factual or legal bases adduced in support of the claims. In fact, the statute forbids it." *Id.* While Mr. Hawkins is not required to prove the merits of his case in applying for a COA, he must nevertheless demonstrate "something more than the absence of frivolity or the existence of mere good faith on his or her part." *Id.* at 338 (internal quotation marks omitted).

For substantially the same reasons set forth in the magistrate judge's report and recommendation as adopted by the district court in its December 2004 Order, we conclude that Mr. Hawkins has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

### III.  CONCLUSION

We have reviewed Mr. Hawkins's brief, the magistrate judge's thorough and well-reasoned report and recommendation, the district court's order, and the record on appeal. Because Mr. Hawkins has failed to make the necessary showing, we deny a COA and dismiss the appeal.

Entered for the Court,

Robert H. Henry
Circuit Judge

6