FILED
United States Court of Appeals
Tenth Circuit

October 9, 2015

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENHT CIRCUIT

| | |
|---|---|
| ANTONIO WAYNE SELLS, | |
| Petitioner - Appellant, | |
| v. | No. 15-5040 |
| | (D.C. No. 4:12-CV-00471-CVE-PJC) |
| JERRY CHRISMAN, Warden, | (N.D. Okla.) |
| Respondent - Appellee. | |

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **LUCERO**, and **McHUGH**, Circuit Judges.

Petitioner-Appellant Antonio Wayne Sells, an inmate appearing pro se, seeks a certificate of appealability (COA) to appeal the district court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Sells v. Chrisman, No. 12-cv-0471-cve-pjc, 2015 WL 1636605 (N.D. Okla. Apr. 13, 2015). Mr. Sells was convicted in Oklahoma of attempted robbery with a firearm after former conviction of two or more felonies, Okla. Stat. tit. 21, § 801, and was sentenced to 30 years' imprisonment. The Oklahoma Court of Criminal Appeals affirmed the judgment and sentence in a summary opinion on direct appeal. Sells v. State, No. F-2011-426 (June 14, 2012), 1 R. 161-65. Mr. Sells then filed his federal petition.

For this court to grant a COA, Mr. Sells must make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), such that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further," Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

The parties are familiar with the operative facts, and we need not restate them here. On appeal, Mr. Sells reasserts his claims, specifically that (1) he was subjected to an "overly suggestive identification procedure"; (2) unreliable witness testimony and a lack of physical evidence denied him due process; (3) he was not given a "fair and full" opportunity to litigate his Fourth Amendment claims; and (4) cumulative error denied him due process. The district court determined the underlying claims had been exhausted and evaluated claims (1), (2), and (4) consistent with the deferential standard of § 2254(d): the writ may be granted only if the state-court adjudication of a claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or . . . resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)–(2); Owens v. Trammell, 792 F.3d 1234, 1242 (10th Cir. 2015). Claim (3) was evaluated consistent with Stone v. Powell, 428 U.S. 465,

482 (1976).

We defer to state court results and will uphold them (even given sparse explanation) provided they are not legally or factually unreasonable. Aycox v. Lytle, 196 F.3d 1174, 1177-78 (10th Cir. 1999). Essentially, Mr. Sells is required to show that "there was no reasonable basis for the state court to deny relief" on a claim. Harrington v. Richter, 562 U.S. 86, 98 (2011).

After careful consideration of the materials submitted by Mr. Sells, we conclude that the district court's holdings on the various substantive claims are not reasonably debatable and that its application of Stone to bar Mr. Sells' Fourth Amendment claims is correct.

Accordingly, we DENY his request for a COA, DENY his motion for IFP status, and DISMISS the appeal.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge
