**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 12 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JEFFREY S. BAGBY,

      Petitioner - Appellant,

v.

JAMES L. SAFFLE, Director of the
Oklahoma Department of Corrections,

      Respondent - Appellee.

No. 02-5086
D.C. No. 00-CV-278-H
(N.D. Oklahoma)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **McKAY**, and **MURPHY**, Circuit Judges.[**]

Petitioner-Appellant Jeffrey S. Bagby, a state inmate appearing pro se,

seeks a certificate of appealability ("COA") allowing him to appeal the district

court's order denying relief on his petition for a writ of habeas corpus pursuant to

28 U.S.C. § 2254. Because Mr. Bagby has failed to make "a substantial showing

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2), we deny his request and dismiss the appeal.

Mr. Bagby was convicted by a jury in Oklahoma state court of trafficking in illegal drugs (cocaine base) after former conviction of a felony. He was sentenced to 25 years imprisonment and fined $50,000. Mr. Bagby was represented by counsel on direct appeal to the Oklahoma Court of Criminal Appeals ("OCCA") where he raised three claims: (1) his purported waiver of the Sixth Amendment right to counsel did not meet constitutional standards; (2) he was prejudiced by the trial court's decision to allow him to represent himself with standby counsel appointed; and (3) the improper reference to the right to appeal by the trial court denied him a constitutionally fair trial. The OCCA affirmed.

Proceeding pro se, Mr. Bagby then filed for and was denied post-conviction relief in the state trial court, where he raised the following claims: (1) ineffective assistance of both standby and appellate counsel; (2) due process violations stemming from a constitutionally infirm charging Information; and (3) the exercise of his right to represent himself at trial was not a voluntary, knowing and intelligent waiver of his constitutional rights. In addition to denying post-conviction relief, the state trial court also denied Mr. Bagby's request for records from the trial. The trial court's denials of post-conviction relief and the records request were affirmed on appeal.

Mr. Bagby then filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting the following grounds for relief: (1) ineffective assistance of standby and appellate counsel; (2) due process violations stemming from a constitutionally infirm charging Information; (3) waiver of his right to counsel was not voluntary, knowing and intelligent but the trial judge allowed him to represent himself with standby counsel appointed; (4) denial of a constitutionally fair trial due to the improper reference to the right to appeal by the trial court; and (5) denial of due process and equal protection due to the trial court's refusal to grant his records request during post-conviction proceedings.

After detailed consideration of Mr. Bagby's arguments, the district court denied his petition. The court addressed the ineffective assistance of appellate counsel claim (part of ground one) and the entirety of grounds three, four and five on the merits. However, the court concluded that all remaining grounds were procedurally barred since they were raised for the first time in state post-conviction proceedings, and likewise concluded that Mr. Bagby did not show cause and prejudice nor did he demonstrate a fundamental miscarriage of justice sufficient to defeat the procedural bar on those grounds.

Mr. Bagby is now before us seeking a COA, asserting a multitude of claims, both new and old. He asserts the following claims that were neither presented to nor addressed by the district court: (1) insufficient evidence to

support his trafficking conviction; (2) his right to present a defense was denied when the trial judge did not allow him a reasonable opportunity to cross examine Officer Spitter; (3) improper jury instructions were given on the burden of proof; (4) prosecutorial misconduct; (5) improper admission of evidence of alleged prior drug sales; (6) use of confidential informant testimony in violation of his constitutional rights; (7) due process violation in voir dire; (8) double jeopardy violation for convictions for trafficking and use of a telecommunications device; and (9) the search warrant did not conform to Fourth Amendment standards. It is clear in this circuit that absent extraordinary circumstances, we will not consider arguments raised for the first time on appeal. McDonald v. Kinder-Morgan, Inc., 287 F.3d 992, 999 (10th Cir. 2002). Upon review of the district court proceedings and the record, we find no extraordinary circumstances here and we decline to consider these claims.

Mr. Bagby also asserts that reasonable jurists would find the district court's assessment of the following constitutional claims debatable and clearly erroneous: (1) ineffective assistance of trial/standby counsel; (2) ineffective assistance of appellate counsel; (3) waiver of his right to counsel was not voluntary, knowing and intelligent but the trial judge allowed him to represent himself with standby counsel appointed; and (4) due process violations stemming from a constitutionally infirm charging Information. Of these claims, the district court

- 4 -

addressed the second and third on the merits and determined that the first and fourth were procedurally barred.

In order for this court to grant a COA, Mr. Bagby must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the district court has rejected Mr. Bagby's constitutional claims on the merits, he must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Where the district court has rejected Mr. Bagby's constitutional claims on procedural grounds without reaching the merits, he must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

Regarding those claims presented to the OCCA either on direct appeal or on post-conviction appeal which were denied, the district court could not properly issue a writ of habeas corpus unless it found that the state court adjudication resulted in a decision that "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); Williams v. Taylor, 529 U.S. 362, 412-13 (2000). Further, the fact that the OCCA affirmed the lower

court in a summary opinion has no effect on the deference owed to the state court's result. See Aycox v. Lytle, 196 F.3d 1174, 1177 (10th Cir. 1999). It is against these standards that the district court's denial of Mr. Bagby's petition must be assessed.

Having carefully reviewed the district court's analysis of Mr. Bagby's second and third claims on appeal and the entire relevant record, we conclude that Mr. Bagby has demonstrated no reason for us to conclude that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. In fact, we are persuaded that the reasoning of the district court is sound and we agree that the OCCA's conclusions were not contrary to and did not involve an unreasonable application of clearly established federal law. Mr. Bagby's mere conclusory assertions to the contrary do not suffice to satisfy his burden in this regard. Though the district court specifically noted the areas Mr. Bagby needed to address to attempt to substantiate his claims, Mr. Bagby has not provided any basis for us to conclude differently.

Regarding Mr. Bagby's first and fourth claims on appeal, we likewise conclude that he has failed to demonstrate that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Mr. Bagby still fails to show either cause

and prejudice or a fundamental miscarriage of justice sufficient to defeat the procedural bar on claims one and four.

Since none of Mr. Bagby's claims suffice to make a substantial showing of a denial of a constitutional right, we DENY a COA and DISMISS the appeal. We note that Mr. Bagby was granted leave to proceed in forma pauperis on appeal in an order signed by the district court on July 3, 2002.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge