**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 20 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JOHNNY DAVID WASHINGTON,

      Petitioner - Appellant,

v.

RON CHAMPION, Warden,

      Respondent - Appellee.

No. 02-5024
(D.C. No. 98-CV-696-K)
(N.D. Oklahoma)

---

**ORDER AND JUDGMENT** *

---

Before **HENRY** , **BRISCOE** , and **MURPHY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner seeks a certificate of appealability (COA) in order to appeal the district court's order denying relief in his motion filed pursuant to 28 U.S.C. § 2254. We deny a COA and dismiss the appeal.

Because petitioner filed his habeas petition after the effective date of the Antiterrorism and Effective Death Penalty Act (AEDPA), our review of his claims is governed by its provisions. *McGregor v. Gibson*, 248 F.3d 946, 951 (10th Cir. 2001). Under AEDPA, petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He can make this showing by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation omitted).

If a claim was decided on its merits by a state court, petitioner is entitled to relief only if he can establish that the state court decision "'was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,' 28 U.S.C. § 2254(d)(1), or 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *Id.* § 2254(d)(2).'" *McCracken v. Gibson*, 268 F.3d 970, 975 (10th Cir. 2001), *cert. denied*, 123 S. Ct. 165 (2002). The "contrary to" clause of § 2254(d)(1) requires a finding the state court

arrived at a conclusion opposite to that of the Supreme Court or decided the case differently than the Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). The "unreasonable application clause" of § 2254(d)(1) requires a conclusion not only that the state court decision applied clearly established federal law erroneously or incorrectly, but also that the application of federal law was unreasonable. *Id.* at 411. Under § 2254(d)(2), "a decision adjudicated on the merits . . . based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El v. Cockrell*, 123 S. Ct. 1029, 1033 (2003). We read petitioner's brief as arguing the provisions of § 2254(d)(1) only. Finally, we will not consider an issue on habeas review that has been defaulted in state court on an independent and adequate state procedural ground unless petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice. *McCracken*, 268 F.3d at 976.

Petitioner raised fourteen issues in his federal petition, all of which were raised either on direct appeal to the Oklahoma Court of Criminal Appeals (OCCA) or in an application for post-conviction relief. The issues presented were: (1) trial court error in permitting petitioner to appear before the jury in prison clothing; (2) ineffective assistance of trial counsel; (3) ineffective assistance of appellate counsel; (4) trial court error in allowing testimony of

petitioner's psychologist regarding past crimes; (5) error in admitting a Department of Corrections "Pen Pack"; (6) improper communication by the trial court with the jury without notice to petitioner or his attorney; (7) error in admitting testimony of Angie R. Jones in violation of petitioner's Fourteenth Amendment rights; (8) trial court error in berating petitioner's attorney before the jury, indicating lack of judicial impartiality; (9) denial of due process because the preliminary hearing failed to establish elements of one kidnaping count; (10) error in sustaining state's motion in limine on petitioner's insanity defense; (11) error in failing to dismiss attempted rape count based on complaining witness' denial such attempt occurred; (12) lack of evidence to support the attempted rape conviction; (13) failure to properly instruct the jury as to consummation of crime of rape; and (14) defective information which failed to allege perpetrating acts and lacked necessary consummation clause.

Although on direct appeal the OCCA adjudicated several of petitioner's claims in summary fashion, "we owe deference to the state court's *result*, even if its reasoning is not expressly stated." *Aycox v. Lytle*, 196 F.3d 1174, 1177 (10th Cir. 1999) (emphasis in original). In reviewing the state court's decision, the district court correctly concluded, based on the record, that under either harmless error analysis standard, i.e., *Chapman v. California*, 386 U.S. 18 (1967), or *Brecht v. Abrahamson*, 507 U.S. 619 (1993), petitioner was not entitled to

habeas relief based on his brief appearance before the jury in jail clothing. The district court also correctly determined there was sufficient evidence under the standard established in *Jackson v. Virginia*, 443 U.S. 307 (1979), to support the attempted rape conviction based on the proof requirements. Our review of the evidence produced at trial reflects that a rational jury clearly could have found petitioner guilty of this offense beyond a reasonable doubt.

As to the other issues presented on direct appeal which challenged state evidentiary rulings at trial, i.e., admission of testimony of petitioner's psychologist regarding certain statements made by petitioner, admission during the sentencing phase of the "Pen Pack," and inadequate notice of Jones' testimony, these alleged errors were not so grossly prejudicial as to have "fatally infected the trial and denied the fundamental fairness that is the essence of due process." *Fox v. Ward*, 200 F.3d 1286, 1296 (10th Cir. 2000) (quotation omitted).

Petitioner's second and third claims raised issues of ineffective assistance of trial and appellate counsel. The OCCA appropriately considered these claims in petitioner's post-conviction application. The court applied the correct legal standard of *Strickland v. Washington*, 466 U.S. 668 (1984), acknowledging that, specifically, petitioner failed to establish the prejudice prong of *Strickland*. Based on our review of the trial transcript and the lack of any other evidence, we

agree that the OCCA's adjudication of these claims was neither contrary to nor an unreasonable application of federal law.

The OCCA determined the balance of petitioner's claims were procedurally barred. If the OCCA declined to reach the merits of those claims on independent and adequate state grounds, they may not be considered on federal habeas review unless petitioner is able to demonstrate cause for the default and actual prejudice resulting from the alleged violation of federal law, or that failure to consider the claims would result in a fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 748 (1991). Petitioner makes no such showing. Further, petitioner does not claim, nor has he demonstrated, that he is actually innocent of the crimes for which he was convicted.

We have reviewed the well-reasoned and thorough disposition of petitioner's claims as outlined in the district court's order of January 31, 2002. We DENY a COA for substantially the same reasons set forth in that order and DISMISS the appeal.

Entered for the Court

Mary Beck Briscoe
Circuit Judge