Darwin REYES, Petitioner,

v.

Frank IRWIN, Superintendent of Wende Correctional Facility, Respondent.

Nos. 99–CV–3758(JBW), 03–MISC–0066 (JBW).

United States District Court, E.D. New York.

June 12, 2003.

Sara Goldman, Freedom Forum of New York City, New York City, for Petitioner.

Nicola Nadine A. Grey, New York State Dept. of Law, New York City, for Respondent.

## JUDGMENT & ORDER

WEINSTEIN, Senior District Judge.

Petitioner was granted a hearing. He was present by telephone.

The petition for a writ of habeas corpus is denied for the reasons stated orally on the record. This memorandum briefly addresses petitioner's claims.

Petitioner was charged with kidnaping and unlawful imprisonment. Evidence presented at trial was that petitioner and an accomplice sold Sandra Rodriguez, the victim, crack cocaine on a pair of occasions, and that later that week Rodriguez offered to sell drugs for them. Petitioner agreed and gave Rodriguez $130 worth of drugs to sell, but she used them herself. When she was unable to pay petitioner the money she owed him for the drugs, he and his accomplice kidnaped her from her home, bound her with an extension cord and duct tape, gagged her with a sock, and threatened to kill her. After Rodriguez agreed to pay, she was let go.

Petitioner was arrested. In a statement he claimed he had met Rodriguez several weeks prior, that an individual named "Big Pete" had offered him $150 to collect a $140 debt owed him by Rodriguez, and that when he found she did not have the money he and his accomplice took her for a ride in his car to scare her.

In a pretrial omnibus motion, petitioner requested that the court preclude Rodriguez from making an in-court identification, or in the alternative conduct a *Wade* hearing to suppress her identification on the ground that it was the product of an unduly suggestive show-up. The court denied the motion, explaining that it was beyond dispute from the Grand Jury minutes that the parties knew each other prior to the kidnaping incident and that the show-up was merely confirmatory.

Petitioner was convicted of kidnaping in the first degree, kidnaping in the second degree, and unlawful imprisonment in the second degree. On appeal the Appellate Division affirmed the first degree kidnaping conviction and vacated the latter two convictions because they were lesser included offenses. Petitioner was sentenced to 15 years to life in prison.

He claims in the present petition that (1) his due process rights were abridged by the trial court's denial of motion for a *Wade* hearing; (2) the evidence presented at trial was insufficient to prove beyond a reasonable doubt that at the time of the abduction petitioner intended to compel a third party to pay ransom—and that, correlatively, the jury was improperly charged with respect to this element of the crime; and (3) was denied a fair trial as a result of the admission into evidence of uncharged crimes allegedly committed by him. These claims have substantially been presented to the state courts, were recognizably federal in nature, and have therefore been properly exhausted. *See Daye v. Attorney General,* 696 F.2d 186 (1982).

## I. AEDPA

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may grant a writ of habeas corpus to a state prisoner on a claim that was "adjudicated on the merits" in state court only if it concludes that the adjudication of the claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an

unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). An "adjudication on the merits" is a "substantive, rather than a procedural, resolution of a federal claim." *Sellan v. Kuhlman*, 261 F.3d 303, 313 (2d Cir.2001) (quoting *Aycox v. Lytle*, 196 F.3d 1174, 1178 (10th Cir.1999)). Under the "contrary to" clause, "a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412–13, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000) (O'Connor, J., concurring and writing for the majority in this part). Under the "unreasonable application" clause, "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413, 120 S.Ct. 1495. "[F]ederal law, as determined by the Supreme Court, may as much be a generalized standard that must be followed, as a bright-line rule designed to effectuate such a standard in a particular context." *Overton v. Newton*, 295 F.3d 270, 278 (2d Cir.2002).

## II. Claims

Petitioner first claims that his due process rights were abridged by the trial court's denial of his motion for a *Wade* hearing. In *United States v. Wade*, the Supreme Court recognized that there is a "grave potential for prejudice, intentional or not, in the pretrial lineup, which may not be capable of reconstruction at trial," 388 U.S. 218, 236, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), and that to protect a defendant's Sixth Amendment rights the trial court must ascertain prior to trial whether a witness's identification testimo-

ny is tainted by an improperly made identification. Under New York's Criminal Procedure Law, a court must conduct a hearing upon a defendant's motion to suppress an improperly made previous identification unless there is no legal basis for the motion. *See* N.Y.Crim. Pro. L. §§ 710.20(6); 710.60(3). Under state caselaw, the court may also deny a hearing if the identification is "confirmatory" because the parties are known to each other. *See People v. Rodriguez*, 79 N.Y.2d 445, 453, 583 N.Y.S.2d 814, 593 N.E.2d 268 (1992) ("To summarily deny a *Wade* hearing, the trial court had to conclude that, as a matter of law, [the identifying witness] knew defendant so well that no amount of police suggestiveness could possibly taint the identification.").

The trial court in the present case concluded, based on Grand Jury testimony and petitioner's own statements to the police, that petitioner and Rodriguez had a business relationship (selling crack cocaine) prior to the kidnaping incident, that the identification at the show-up was confirmatory in nature, and that no *Wade* hearing was therefore necessary. Perhaps it would have been more prudent for the trial court to allow a *Wade* hearing under these circumstance, since the prior relationship between Rodriguez and petitioner was relatively brief. Nonetheless, the nature of this particular crime was such that any error in failing to provide the prophylactic measures endorsed by *Wade* was harmless.

█ This was not the type of crime in which an assailant is visible to the victim for fleeting moments. Petitioner and Rodriguez had spent time together on several occasions prior to the kidnaping. They had been engaged in a business relationship. Importantly, petitioner himself acknowledged in statements to the police that he had previously met Rodriguez.

The state court's findings of fact and conclusions of law were reasonable and were not contrary to Supreme Court precedent.

Petitioner next contends that the evidence presented at trial was insufficient to prove beyond a reasonable doubt that at the time of the abduction petitioner intended to compel a third party to pay ransom—and that, correlatively, the jury was improperly charged with respect to this element of the crime. The relevant question for this court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Petitioner "bears a very heavy burden" when challenging the legal sufficiency of the evidence in a state criminal conviction. *Einaugler v. Supreme Court,* 109 F.3d 836, 840 (2d Cir.1997).

Under New York's penal law, "A person is guilty of Kidnaping in the First Degree when he abducts another person and when his intent is to compel a third person to pay or deliver money or property as ransom...." N.Y. Penal L. § 135.25(1). Petitioner contends that the record is clear that he and his accomplice did not form the intent to seek money from a third person until hours after the victim was abducted, and further that the statute "should be interpreted to require that, to be guilty of kidnaping in the first degree under section one, a person must have the intent to compel a third party to pay ransom *at the time* of the abduction, rather than after the abduction has already taken place." Br. for Defendant Appellant on Appeal at 27. Petitioner concedes in his papers that he abducted Rodriguez and that he and his accomplice later called her mother seeking money for her release.

■ Neither the trial court nor the Appellate Division interpreted the New York State statute to require intent at the time of the abduction. This legal conclusion was reasonable and binding in a federal court. A reasonable juror could clearly find that the elements of the crime were proven beyond a reasonable doubt.

With respect to the jury charge, in order to obtain a writ of habeas corpus in federal court on the ground of error in a state court's instructions to the jury on matters of state law, "the petitioner must show not only that the instruction misstated state law but also that the error violated a right guaranteed to him by federal law." *Casillas v. Scully,* 769 F.2d 60, 63 (2d Cir.1985); *see also Cupp v. Naughten,* 414 U.S. 141, 146–47, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973). Petitioner can demonstrate neither an erroneous instruction nor the violation of a federal right.

Finally, petitioner claims he was denied a fair trial as a result of the admission into evidence of two uncharged drug sales allegedly committed by him. Federal habeas corpus relief does not lie for mere errors of state law. *Estelle v. McGuire,* 502 U.S. 62, 68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). Nonetheless, the Due Process Clause requires that state courts conducting criminal trials "proceed consistently with 'that fundamental fairness' which is 'essential to the very concept of justice.'" *Dunnigan v. Keane,* 137 F.3d 117, 125 (2d Cir.1998) (quoting *Lisenba v. California,* 314 U.S. 219, 236, 62 S.Ct. 280, 86 L.Ed. 166 (1941)).

■ For a habeas petitioner to prevail on a claim that an evidentiary error amounted to a deprivation of due process, he must show that the error was so pervasive as to have denied him a fundamentally fair trial. *United States v. Agurs,* 427 U.S. 97, 108, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976). Errors of state law that rise to the level of a constitutional violation may be corrected by a habeas court, but even an

error of constitutional dimensions will merit habeas corpus relief only if it had a " 'substantial and injurious effect or influence in determining the jury's verdict.' " *Brecht v. Abrahamson,* 507 U.S. 619, 623, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993) (quotation omitted).

 Although evidence of a defendant's commission of uncharged crimes in New York is generally excluded in order to prevent the jury from inferring a defendant's bad character or propensity toward criminal activity, the trial court may exercise its discretion in deciding whether to allow such evidence if its probative value outweighs its potential prejudice. In the instant case, the two uncharged drug crimes concerned the prior sales of crack cocaine to Rodriguez. Admission of this evidence was within the discretion of the trial court. It provided relevant background necessary to understand the charged criminal events.

There is no issue of innocence.

III. Conclusion

The petition for a writ of habeas corpus is denied.

This opinion complies with *Miranda v. Bennett,* 322 F.3d 171, 175–77 (2d Cir. 2003), and Rule 52 of the Federal Rules of Civil Procedure. No other issue open to consideration by this court has merit. *See Sumner v. Mata,* 449 U.S. 539, 548, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981) ("a court need not elaborate or give reasons for rejecting claims which it regards as frivolous or totally without merit").

A certificate of appealability is denied. One may be granted with respect to any one of petitioner's claims only if petitioner can make a substantial showing of the denial of a constitutional right. Petitioner has a right to seek a certificate of appealability from the Court of Appeals for the Second Circuit. *See* 28 U.S.C. § 2253;

*Miller–El v. Cockrell,* 537 U.S. 322, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003).

SO ORDERED.