**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 14 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

TOMMY TURNER,

        Petitioner-Appellant,

v.

LAWRENCE TAFOYA, Warden,

        Respondent-Appellee.

03-2193
(D.C. No. 01-1137-JP/LCS)
(District of New Mexico)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, Circuit Judge, **McWILLIAMS**, Senior Circuit Judge, and
**LUCERO**, Circuit Judge

Tommy Turner ("petitioner"), a person in state custody, filed an application

for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States

District Court for the District of New Mexico. The district court dismissed the

application with prejudice. The petitioner appeals. A chronology will help put

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this controversy in focus.[1]

After a three-day jury trial, the petitioner was found guilty of first degree murder by a jury on February 19, 1998, in a state district court in New Mexico, and was later sentenced to life imprisonment, to be followed by five years of parole. (The homicide occurred on January 3, 1995, and petitioner's first trial, on August 20, 1996, ended in a mistrial). Petitioner was represented at his trial by appointed counsel. On direct appeal, petitioner's conviction was affirmed by the Supreme Court of New Mexico on January 3, 2000.

On April 3, 2001, the petitioner, represented by retained counsel, filed a petition for writ of habeas corpus in a state district court for the state of New Mexico, naming the warden of the prison where he was incarcerated, Lawrence Tafoya, as the respondent, and he alleged therein that he had been afforded "ineffective and inadequate assistance of counsel" at trial. The petition was prolix, consisting of some 38 pages, in which counsel urged numerous and sundry instances where trial counsel's performance was ineffective and inadequate for Sixth Amendment purposes. On May 1, 2001, a response to that petition was

---

[1]The district court denied petitioner's request for a certificate of appealability (COA) on May 24, 2004. However, pursuant to 28 U.S.C.§ 2253(c)(1), this Court, on July 19, 2004, granted petitioner's request that we issue a COA, and by supplemental order, we certified the issues to be raised on appeal as follows: 1) whether the petitioner received constitutionally ineffective assistance of trial counsel, and 2) whether the district court erred in ruling on the habeas corpus petition without an evidentiary hearing on the issue.

2

filed by New Mexico. On May 22, 2001, a state district court judge, "having reviewed the petition and the response from the respondent," denied the petition. On July 12, 2001, the Supreme Court of New Mexico denied petitioner's petition for a writ of certiorari.

On October 1, 2001, the petitioner, appearing pro se, filed in the United States District Court for the District of New Mexico an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On December 14, 2001, Lawrence Tafoya, the respondent, filed a motion to dismiss the petition with prejudice. Later the petitioner, then being represented by the Federal Public Defender's office, filed a memorandum brief in support of petitioner's pro se petition under 28 U.S.C. § 2254. On November 6, 2002, the respondent filed a memorandum answer brief.

On April 2, 2003, a United States Magistrate Judge filed an Amended Proposed Findings and Recommended Disposition of petitioner's petition, which was also prolix consisting of some 17 pages, in which the magistrate judge recommended that the respondent's motion to dismiss be granted and that the petitioner's request for an evidentiary hearing be denied. Objections were thereafter filed by the petitioner. On July 23, 2003, the district court entered an order wherein it adopted the Magistrate Judge's findings and recommendations, denied petitioner's objections and dismissed the petition with prejudice. Timely

notice of appeal was thereafter filed.

The present petition was filed in the United States District Court for the District of New Mexico on October 1, 2001, which was after the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amendments to 28 U.S.C. § 2254, which were enacted in 1996. Section 2254(d), as amended, provides as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

As we understand it, both parties agree that the AEDPA amendments apply to the instant case. The respondent's position is that the requirements of the AEDPA were not met, whereas petitioner's position is that they were met. Therein lies our problem.

As already stated, the Magistrate Judge determined, in effect, if not in so many words, that the petitioner's "claims," in his habeas corpus proceeding in the New Mexico courts, had been "adjudicated on the merits," and that the state

4

court's "adjudication" thereof did not result in a decision "that was contrary to, or involved an unreasonable application of, clearly established federal law," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Also, as already stated, the district court, with some minor changes, adopted the magistrate judge's findings and recommended disposition, denied petitioner's objections thereto, and dismissed the petition with prejudice.

The first question to be answered is whether the claims raised in petitioner's federal habeas corpus petition were "adjudicated on the merits" in the state courts of New Mexico, as required by 28 U.S.C. § 2254(d). In this regard, the district court in the New Mexico habeas corpus proceeding denied the petition without an evidentiary hearing after "having reviewed the petition and the response thereto by the respondent." On review of that order, the Supreme Court of New Mexico simply denied petitioner's petition for a writ of certiorari.

28 U.S.C. § 2254(d), as amended, precludes a federal court from granting a writ of habeas corpus "with respect to any claim that was adjudicated on the merits in a State Court proceeding," with the two important exceptions mentioned therein. Before considering the two important exceptions mentioned in the statute, as amended, we must first determine whether the petitioner's claim of ineffective assistance of trial counsel was "adjudicated on the merits" in the state

5

courts of New Mexico. If it was not, then the federal district court could not grant habeas corpus relief under 28 U.S.C. §2254. In this connection, as indicated, the district court in New Mexico simply denied petitioner's state court habeas corpus proceeding and the New Mexico Supreme Court then simply denied petitioner's petition for writ of certiorari. Neither court gave any reason for its action. Notwithstanding, under *Aycox v. Lytle*, 196 F.3d 1174 (10th Cir. 1999), we conclude that in the instant case the New Mexico courts have "adjudicated on the merits" petitioner's claim of ineffective trial counsel. In *Aycox*, we clearly indicated that a "summary decision" without even "cursory reasoning" can constitute an "adjudication on the merits for the purposes of § 2254(d), provided the decision was reached on substantive, rather than procedural, grounds." There is no suggestion that the orders of either the New Mexico district court or of the New Mexico Supreme Court were based on procedural grounds. In *Aycox*, we then went on to speak as follows:

> Thus, we must uphold the state court's summary decision unless our independent review of the record and pertinent federal law persuades us that its result contravenes or unreasonably applies clearly established federal law, or is based on an unreasonable determination of the facts in light of the evidence presented. This "independent review" should be distinguished from a full de novo review of the petitioner's claims (citation omitted). Our review is in fact deferential because we cannot grant relief unless the state court's result is legally or factually unreasonable.

*Aycox,* 196 F.3d at 1178. *See also Paine v. Massie*, 339 F.3d 1194, 1198 (10th

6

Cir. 2003).

Having determined that petitioner's claim of ineffective assistance of trial counsel was "adjudicated on the merits" in the New Mexico courts, under 28 U.S.C. § 2254(d), as amended, we still cannot grant petitioner's application for habeas corpus in the federal court unless the state court adjudication either (1) "results in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) "resulted in a decision that was based on an unreasonable determination of facts in light of the evidence presented in the State Court proceeding." Thus, in determining whether the state court's decision in the instant case violated petitioner's Sixth Amendment right to counsel, we look to federal law.

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court held that a defendant's claim that his counsel's assistance in his state trial was so defective as to require a reversal of his conviction, must first show that counsel's performance was deficient, and secondly, that the deficient performance so prejudiced the defendant as to deprive him of a fair trial. *Id.* at 687. The Supreme Court than went on to state that the proper standard for judging an attorney's performance in the trial court is that of a reasonably effective performance, considering all the circumstances. *Id.* In other words, the

defendant must show that his counsel's representation fell below an objective standard of reasonableness. *Id.* at 688. In that same case, the Supreme Court went on to state that "judicial scrutiny of counsel's performance must be highly deferential," and added that "It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." *Id*. at 689.

As indicated, the federal magistrate judge, after reading the record before him, held that trial counsel's performance on behalf of the petitioner in the state trial court was not constitutionally ineffective, and, alternatively, that in any event, trial counsel's performance did not, in the light of the evidence adduced at trial, affect the outcome of the trial, and hence, there was no "prejudice." It was on this basis that the district court adopted the findings and conclusions reached by the magistrate and dismissed the petition. In our study of the matter, the record on appeal supports the district court's disposition of the matter.

The government's evidence at trial was that on January 3, 1995, the petitioner killed one Bonilla, a "homeless" person, by striking him with a billy club and then strangling him with his hands, and later, with a wire, and that he then took Bonilla's money. The witness Williams testified that he saw the petitioner strike and then strangle Bonilla. He also testified that thereafter, he

8

and the petitioner put Bonilla's body in his (Williams') truck, drove a few miles from the petitioner's house and buried Bonilla in a shallow grave. Another witness, one Shanks, testified that, a day or two following the homicide, the defendant "confessed" to him that he had killed Bonilla in order to steal his money. The petitioner testified on his own behalf and admitted that Williams and Bonilla were at his home on the evening in question drinking beer and eating pizza, but that the last he saw of Bonilla was when he (Bonilla) and Williams left his home, both "alive and well," so to speak. Acting on information given them by Williams, the police recovered the burned remnants of Bonilla's wallet, which had been secreted in a fencepost on petitioner's property, which, arguably, undermines petitioner's testimony, that when he last saw Bonilla and Williams leave his home, Bonilla was "alive and well."

Thus, at trial, the question was essentially one of witness credibility, i.e., were Williams and Shanks testifying to the truth, or were they fabricating to save themselves. We note, incidentally, that both Williams and Shanks were granted "use immunity" by the state, and the jury was made aware of that fact during trial.

Counsel's argument in this court is that petitioner's trial counsel did not sufficiently investigate the background of both Williams and Shanks, which would have disclosed additional reasons not to believe their trial testimony, and, also, that at trial, petitioner's counsel did not ask the "right questions" of

9

Williams and Shanks, and other witnesses called by the state. Finally, counsel asserts that petitioner's trial counsel failed to make a timely request for the identity of the "confidential informant" who alerted Officer Carter to the homicide.

In short, on the record before us, which includes audiotapes of all of the testimony adduced at trial, our "independent review of the [state] record and pertinent federal law," after giving the state court's resolution of this matter the "deference" that it is entitled to, convinces us that the district court did not err in denying petitioner the relief he seeks. See *Aycox v. Lytle* at 1178.

On appeal, petitioner also argues that the district court erred by "evaluating his claims in isolation and by denying him an evidentiary hearing," and that we should "remand the case for further consideration." We are not persuaded. The district court also found, alternatively, that even if petitioner did not receive effective assistance of counsel, such deficiency did not cause "legal" prejudice, i.e., the result would not have been different if his counsel had performed "effectively" at trial.

As to petitioner's claim that the federal district court erred in not holding an evidentiary hearing on petitioner's claim of ineffective assistance of trial counsel, see 28 U.S.C. § 2254(e)(2) and *Le v. Mullen*, 311 F.3d 1002, 1011 (10th Cir. 2002).

10

Judgment affirmed.

Submitted for the Court,


Robert H. McWilliams
Senior Circuit Judge