FILED
United States Court of Appeals
Tenth Circuit

October 29, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENH CIRCUIT**

PAUL PAYNE,

      Petitioner - Appellant,

v.

TIM LEMASTER, Warden;
ATTORNEY GENERAL OF THE
STATE OF NEW MEXICO,

      Respondents - Appellees.

No. 09-2089
(D.C. No. 07-CV-01017)
(D.N.M.)

**ORDER
DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **BRISCOE**, and **HOLMES**, Circuit Judges.

Petitioner-Appellant Paul Payne, an inmate appearing pro se, seeks a

certificate of appealability ("COA") allowing him to appeal the district court's

order dismissing his petition for a writ of habeas corpus with prejudice. 28

U.S.C. § 2254. To obtain a COA, Mr. Payne must make "a substantial showing of

the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see Slack v.

McDaniel, 529 U.S. 473, 483-84 (2000). We conclude that he has not made the

requisite showing, therefore we deny a COA and dismiss the appeal.

In a June 2002 bench trial, Mr. Payne was convicted of first-degree murder,

conspiracy, and possession of a deadly weapon by a prisoner. 1 R. at 64. All

three charges stemmed from the June 1999 murder of a fellow inmate at the Lea County Correctional Facility. 2 R. at 13-14. He was sentenced to life imprisonment plus nine additional years and five years' parole, to run consecutively to a previous sentence for escape from prison. 1 R. at 64-65. The New Mexico Supreme Court affirmed his conviction on direct appeal. 1 R. at 135-50. A state district court denied his motion to withdraw his waiver of a jury trial, as well as his state petition for habeas corpus. 1 R. at 395-98. He sought certiorari on the state habeas petition but it was denied. 1 R. at 430.

In his federal habeas petition, Mr. Payne listed fourteen claims forming the basis for relief. 1 R. at 9-20. The magistrate judge grouped these claims into five areas: (1) waiver of the right to a jury trial due to prosecutorial misconduct, (2) breach of the jury waiver agreement, (3) use of an unavailable witness's preliminary hearing testimony in violation of the confrontation clause, (4) ineffective assistance of counsel, and (5) non-cognizable claims. 2 R. at 17, 21, 34, 44, 59.[1] The magistrate judge recommended that Mr. Payne's § 2254 petition be denied. 2 R. at 61.

Mr. Payne objected to the magistrate judge's proposed findings and recommended disposition. 2 R. at 75-109. He claimed that the magistrate judge erred (1) in applying the deferential standards of review under 28 U.S.C. §

---

[1]The page numbers refer to the record's page numbers, not to the page numbers of the magistrate judge's memorandum.

2254(d) rather than de novo review; (2) in not considering exculpatory facts; (3) in refusing to hold an evidentiary hearing; (4) in analyzing the waiver of a jury trial claim; (5) in analyzing the confrontation clause claim; (6) in analyzing the ineffective assistance of counsel claim; and (7) in concluding that the remaining claims were non-cognizable.  2 R. at 75-109.  The district judge overruled Mr. Payne's objections.  2 R. at 132-34.

In seeking a COA, Mr. Payne relies upon those objections.  Application for COA at 2; Aplt. Br. at 2-4.  On appeal, Mr. Payne's restyled brief raises only two issues that he did not raise in his original § 2254 petition: the applicability of deferential standards of review and the district court's refusal to hold an evidentiary hearing.  In conducting our review of claims "adjudicated on the merits in State court proceedings," we must uphold the State court decision unless it "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  § 2254(d); see Aycox v. Lytle, 196 F.3d 1174, 1177 (10th Cir. 1999).

Mr. Payne argues that this deferential standard does not apply because the state district court treated his habeas corpus petition as a successive petition and therefore it was not "adjudicated on the merits," as § 2254(d) requires.  Aplt. Br. at 7-8.  Mr. Payne's characterization of the state court proceedings is not correct.

Although the state district judge disposed of Mr. Payne's habeas petition in a brief letter ruling, he recognized the ineffective assistance claims and concluded that "Petitioner was ably represented by counsel." 1 R. at 398. The state district judge never referred to Mr. Payne's petition as "successive." Because state courts adjudicated Mr. Payne's claims on the merits, the deferential standard applies.

An independent review of Mr. Payne's federal habeas petition, his appellate brief, and the record shows that reasonable jurists would not debate the district court's assessment of his constitutional claims. As discussed by the magistrate judge, the prosecutor's conduct during voir dire was unobjectionable and did not cause Mr. Payne to waive his right to a jury trial. 2 R. at 17-21. The State of New Mexico did not breach its promise to Mr. Payne in exchange for his waiver of a jury trial. The record supports the state district judge's conclusion that the State only promised to attempt to transfer Mr. Payne to a prison in a state other than Utah or New Mexico. 1 R. 395-96. It also supports that the State made good on its promise to seek a transfer, an attempt which ultimately failed. 1 R. 396; 2 R. at 25-33. The trial court's admission of a police officer's preliminary hearing testimony did not violate Mr. Payne's right to confront the witnesses against him. 2 R. at 34-44. Supreme Court precedent has established that such an admission does not violate the confrontation clause if the witness was unavailable and the defendant had a prior opportunity to cross-examine the witness. See Crawford v. Washington, 541 U.S. 36, 59, 68 (2004); Ohio v. Roberts, 448 U.S. 56, 73-74

(1980). The witness was unavailable for trial (because of brain damage from a motorcycle accident) and the defendant had a prior opportunity to cross-examine him at the preliminary hearing. 2 R. at 34, 40. Regarding Mr. Payne's several claims of ineffective assistance of counsel, the district court applied the correct standard and did not err in finding a lack of deficient representation or prejudice. 2 R. at 44-58. Lastly, Mr. Payne's other claims do not raise any cognizable violations of federal law. 2 R. at 59-61. Because the record establishes that Mr. Payne's claims are without merit, he was not entitled to an evidentiary hearing. Schriro v. Landrigan, 550 U.S. 465, 474 (2007).

We DENY a COA and DISMISS the appeal.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge