FILED
United States Court of Appeals
Tenth Circuit

February 13, 2013

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

JEFFREY A. BRUSHWOOD,

Petitioner–Appellant,

v.

ERIC FRANKLIN,

Respondent–Appellee.

No. 12-6266
(D.C. No. 5:12-CV-00193-R)

(W.D. Okla.)

ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **BRISCOE**, Chief Judge, **McKAY** and **HOLMES**, Circuit Judges.

Petitioner Jeffrey Brushwood, a state prisoner proceeding pro se, seeks a certificate of appealability to appeal the district court's denial of his § 2254 habeas petition.

In May 2009, Petitioner was convicted by an Oklahoma jury of attempted rape. He was sentenced to thirty years' imprisonment. After receiving his sentence, Petitioner filed a direct appeal to the Oklahoma Court of Criminal Appeals arguing that (1) Okla. Stat. tit. 12, § 2413(A) is unconstitutional; (2) the trial court erred in admitting unfairly

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

prejudicial propensity evidence; (3) the trial court violated his confrontation rights by allowing the State to introduce the preliminary hearing testimony of the victim, who did not testify during trial; and (4) his speedy trial rights were violated. The OCCA rejected each of Petitioner's arguments and affirmed his conviction. Petitioner then filed the instant federal habeas petition reasserting the four arguments raised on direct appeal. The district court denied his petition in its entirety. Petitioner now seeks a COA to appeal the district court's denial of his petition. He challenges only the district court's conclusion on his confrontation clause argument. (*See* Petitioner's Br. at 4-5.)

An independent review of Petitioner's federal habeas petition, the state appellate briefs, and the record shows that reasonable jurists would not debate the district court's assessment of his confrontation clause claim. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Supreme Court precedent has established that [admission of a witness's preliminary hearing testimony] does not violate the confrontation clause if the witness was unavailable and the defendant had a prior opportunity to cross-examine the witness." *Payne v. Lemaster*, 351 F. App'x 302, 304 (10th Cir. 2009). Accordingly, and for substantially the same reasons given by the magistrate judge and the district court, Petitioner is not entitled to a COA.

In addition to seeking a COA, Petitioner appeals the district court's refusal to appoint counsel and, on appeal, appears to make a motion for appointment of counsel. (Petitioner's Br. at 3 ("I ask for the court to appoint me an attorney . . . .").) He argues that counsel should have been appointed because his confrontation clause claim "is a

complex issue for a *pro se* prisoner petitioner." (*Id.*) However, we have held "that there is no constitutional right to counsel beyond the appeal of a criminal conviction, and that generally appointment of counsel in a § 2254 proceeding is left to the court's discretion." *Swazo v. Wyo. Dep't of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir. 1994). The district court refused to appoint counsel, noting "Petitioner never filed a motion for appointment of counsel" and the court "failed to find any request for counsel included in any of Petitioner's pleadings or letters." (R. at 224-25.) The district court further concluded that "[e]ven if Petitioner had requested appointment of counsel . . . it would not have been warranted." (*Id.* at 225.) We conclude the district court acted within its discretion in refusing to appoint counsel.

For the foregoing reasons, we **DENY** Petitioner's request for a COA and **DISMISS** the appeal. We **DENY AS MOOT** Petitioner's motion for appointment of counsel on appeal. Petitioner's motion to proceed *in forma pauperis* is **GRANTED**.

Entered for the Court


Monroe G. McKay
Circuit Judge

-3-