**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 18, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JIMMY DEWAYNE JONES,

          Petitioner - Appellant,

v.

JASON BRYANT, Warden,

          Respondent - Appellee.

No. 15-5020
(D.C. No.4:12-CV-00138-GFK-TLW)
(N.D. of Okla.)

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **HARTZ**, **BALDOCK**, and **TYMKOVICH**, Circuit Judges.

Jimmy Jones seeks a certificate of appealability (COA) to appeal the

district court's denial of his 28 U.S.C. § 2254 habeas petition. *See* 28 U.S.C.

§ 2253(c)(1)(A) (requiring COA to appeal denial of § 2254 relief). Exercising

jurisdiction under 28 U.S.C. § 1291, we deny a COA and dismiss the appeal.

## I. Background

Jones was charged with burglary in Oklahoma state court. His sentencing

range was seven to twenty years' imprisonment. The state offered a plea

agreement calling for ten years, but Jones declined on counsel's advice. Counsel

_____

[*] This order is not binding precedent except under the doctrines of law of
the case, res judicata and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

explained that by entering a blind plea of no contest instead of pleading guilty, Jones would be eligible for a future "judicial review" through which the court could modify his sentence. *See* Okla. Stat. tit. 22, § 982a(A) (2011). Importantly, counsel gave this advice under the impression that Jones had a single prior felony conviction. He learned this from the face of the criminal information[1] and from conversations with Jones himself. Jones took the advice and entered a blind plea.

At the plea hearing, the court requested a pre-sentence investigation report from the Oklahoma Department of Corrections. The report revealed that Jones had not one, but two prior felony convictions. Relying on this criminal history, the court imposed the maximum twenty-year sentence allowed by law. In addition, because Jones had been in custody for the second, previously unknown conviction within ten years of the instant sentencing date, he was ineligible for judicial review. *See id.*

Jones moved to withdraw his blind plea, but was denied. He next sought relief in the Oklahoma Court of Criminal Appeals (OCCA), alleging ineffective assistance of counsel under the Sixth and Fourteenth Amendments of the federal Constitution. The OCCA rejected his claim in a summary opinion. Jones then

---

[1] The state struck the prior conviction from the information when it could not produce a judgment and sentence proving it. Had the prior conviction remained, Jones's sentencing range would have been higher. But more important to this petition is that defense counsel *thought* the conviction referenced in the information was Jones's only prior felony.

brought this *pro se*[2] habeas action. Applying the deferential standards of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the district court denied his petition because it held the OCCA's ruling was not contrary to clearly established federal law.

## II. Analysis

To obtain a COA, Jones must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Under AEDPA, a federal court grants habeas for a claim that a state court adjudicated on the merits only where the adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

This deferential standard applies even to summary opinions by a state court, in which case we determine whether the "result contravenes or

---

[2] We construe *pro se* arguments liberally. *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).

unreasonably applies clearly established federal law, or is based on an unreasonable determination of the facts in light of the evidence presented." *Aycox v. Lytle*, 196 F.3d 1174, 1178 (10th Cir. 1999).

Jones's sole argument is that counsel was ineffective in failing to investigate the number of Jones's prior offenses before advising him to reject the ten-year plea offer. He asserts that it was unreasonable for counsel to rely solely on the criminal information and Jones's representation. He further contends that he was prejudiced by the resulting twenty-year sentence. But Jones cannot show that the OCCA's summary denial of this claim was contrary to clearly established federal law.

To succeed on a claim for ineffective assistance of counsel, Jones must show both that counsel's performance was deficient and that the deficiency prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Performance is deficient where the representation falls "below an objective standard of reasonableness." *Id.* at 688. In making this assessment, "specific guidelines are not appropriate." *Id.* Counsel's "decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." *Id.* at 691. Accordingly, our review under AEDPA is "doubly deferential." *Yarborough v. Gentry*, 540 U.S. 1, 6 (2003).

We find no Supreme Court precedent clearly establishing that counsel performed unreasonably. Counsel knew that the state had uncovered only one prior felony conviction. Given that it was in the state's interest to find all previous convictions at the charging phase and before plea-bargaining, there was reason to trust that its investigation was thorough. Jones also told counsel that he had one prior felony conviction. Jones argues that counsel should not have trusted him because he was unaware of the significance of his prior convictions. But his word matched what counsel had already learned from the state at a time when the state had every reason to discover and disclose all of Jones's prior convictions. Thus, it is not clear that "the known evidence would [have] lead a reasonable attorney to investigate further." *Wiggins v. Smith*, 539 U.S. 510, 527 (2003). And the Supreme Court has rejected the proposition that "it is prima facie ineffective assistance for counsel to abandon their investigation of the petitioner's background after having acquired only rudimentary knowledge of his history from a narrow set of sources." *Cullen v. Pinholster*, 131 S. Ct. 1388, 1406 (2011). Applying double deference under AEDPA, we cannot conclude that the OCCA's disposition was unreasonable.

## III.  Conclusion

For the foregoing reasons, we deny a COA and dismiss the appeal.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Circuit Judge